1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH, | Case No.  1:15-cv-00539-LJO-SAB |
| Plaintiffs, | ORDER CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS A SECTION 1983 CIVIL RIGHTS ACTION AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| UNKNOWN "POLICIANS", | |
| Respondent. | DENYING  APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

On March 24, 2015, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California.  Petitioner also filed an application for leave to proceed *in forma pauperis*.  On April 6, 2015, Judge Thelton E. Henderson issued an order construing the petition as a civil rights action pursuant to 42 U.S.C. § 1983, and transferred the action to this Court. (ECF No. 4).  On April 8, 2015, the action was transferred into this Court and assigned to the undersigned.

Petitioner filed this action as a petition for writ of habeas corpus. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in

1

violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner alleges that his mail privileges have been restricted because he has been "held incommunicado for all mail, except mail to and from court clerks." (ECF No. 1 at 3).  Therefore, Petitioner is challenging the conditions of his confinement.  As Petitioner is challenging the conditions of his confinement, he is not entitled to raise his claims in a habeas petition.

A habeas petition may be construed as a Section 1983 civil rights complaint.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the fee is now $400 ($350.00 filing fee plus $50.00 administrative fee) for civil rights cases, and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted in forma pauperis status.  See 28 U.S.C. § 1915(b)(1).  In this case, the Court will construe Petitioner's petition as a Section 1983 civil rights complaint, which has the $400 fee.

Plaintiff is not entitled to proceed *in forma pauperis* in this action.  Section 1915(g), Title 28 of the United States Code provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In order to determine whether Plaintiff is entitled to proceed *in forma puaperis*, the Court may take judicial notice of court records in other cases.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

1  Here, Petitioner has on more than three occasions, while incarcerated, brought an action

2  that was dismissed for being frivolous or failure to state a claim upon which relief could be

3  granted.  The Court takes judicial notice of cases <u>Muharem E. Kurbegovich v. Alameida</u>, No.

4  3:04-cv-00537-TEH (N.D. Cal.) (dismissed on October 27, 2004, for failure to state a claim and

5  failure to comply with Rule 8); <u>Muharem Kurbegovich v. Deputy Director</u>, No. 2:04-cv-05662-

6  UA-CW (C.D. Cal) (dismissed on August 4, 20004,  because Petitioner was denied leave to

7  proceed *in forma pauperis* on the ground the complaint is legally and/or factually patently

8  frivolous, lacks a short and plain statement under Rule 8, and fails to state a claim); and

9  <u>Muharem Kurbegovich v. Dinko Bozanich</u>, No. 2:03-cv-04742-UA-CW (C.D. Cal.) (dismissed

10  on July 28, 2003, when Petitioner was denied leave to proceed *in forma pauperis* on the ground,

11  *inter alia*, that the complaint is legally and/or factually patently frivolous).

12  These strikes were final prior to the date Petitioner filed this action.  <u>Silva v. Di Vittorio</u>,

13  658 F.3d 1090, 1098-1100 (9th Cir. 2011).  Accordingly, Petitioner is subject to section 1915(g)

14  and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was

15  filed, under imminent danger of serious physical injury.  <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d

16  1047, 1053 (9th Cir. 2007).

17  The Court has reviewed Petitioner's petition and finds that he does not meet the imminent

18  danger exception.  Petitioner's complaint alleges that he has been "held incommunicado for all

19  mail, except mail to and from court clerks."  (ECF No. 1 at 3).  Because Petitioner alleges no

20  facts supporting a finding that he is under imminent danger of serious physical injury, Petitioner

21  is ineligible to proceed *in forma pauperis* in this action.[1]

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28  [1] The Court notes that parts of the petition are unintelligible.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's petition for writ of habeas corpus is CONSTRUED as a 42 U.S.C. § 1983 civil rights complaint;

2.  Pursuant to 28 U.S.C. § 1915(g), Petitioner's application to proceed *in forma pauperis* in this action is denied;

3.  This action is dismissed, without prejudice, to refiling with the submission of the $400.00 fee in full; and

4.  The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   __April 23, 2015__                    ____/s/ Lawrence J. O'Neill__
                                               UNITED STATES DISTRICT JUDGE

4